IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SHAHEIM HASSAN LOMAX,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4271

Opinion filed September 10, 2014.

An appeal from the Circuit Court for Duval County.
Mallory D. Cooper, Judge.

Nancy A. Daniels, Public Defender, and W. C. McLain, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, for Appellee.

WOLF, J.

     Appellant challenges his convictions for second-degree murder and possession of a firearm by a juvenile delinquent found to have committed a felony act. He argues the trial court erred in denying his motion to suppress evidence found during a traffic stop because an officer's observation of his car swerving

over solid double yellow lines was not probable cause that he committed a traffic violation. We affirm.

An officer testified that appellant was traveling down a two-lane road separated by solid double yellow lines. The officer observed the car swerve, with both the driver's side front and back tires traveling over the double yellow lines, so that the vehicle was partially in the oncoming lane of traffic. The officer then conducted a traffic stop and wrote appellant a ticket for violating a traffic control device as prohibited by section 316.047, Florida Statutes. The officer testified that when appellant crossed the double yellow lines, he was not attempting to pass another car. He testified there were no oncoming cars or cars in front of appellant, and that appellant did not interfere with the safe operation of any vehicle.

In his motion to suppress, appellant argued that his briefly swerving two tires over the double yellow lines did not constitute violating a traffic control device. Specifically, he argued the purpose of the double yellow lines was to prohibit passing, not brief swerving. He relied on a federal driving manual pertaining to traffic control devices that was incorporated by reference in Florida Administrative Code Rule 14-15.010. The manual states that double yellow lines delineate "where crossing the centerline markings for passing is prohibited." See Federal Highway Administration Manual on Uniform Traffic Control Devices, 2009, at Section 3B.01-3B.02. Appellant argues that because there was no

evidence that he was passing or attempting to pass another vehicle, his briefly swerving two tires over the double yellow lines did not constitute the traffic offense of violating a traffic control device. Thus, he argued there was no probable cause for the traffic stop. The trial court denied the motion to suppress.

"'The ruling of the trial court on a motion to suppress comes to us clothed with a presumption of correctness and we must interpret the evidence and deductions in a manner most favorable to sustaining the trial court's ruling.'" Johnson v. State, 608 So. 2d 4, 9 (Fla. 1992) (quoting Owen v. State, 560 So. 2d 207, 211 (Fla. 1990), receded from on other grounds by State v. Owen, 696 So. 2d 715 (Fla. 1997)). In reviewing a motion to suppress, a trial court's findings of fact are reviewed for whether there is competent, substantial evidence to support the findings, whereas a trial court's findings of law are reviewed de novo. See Calabro v. State, 995 So. 2d 307, 311 (Fla. 2008).

The State notes that section 316.0875, Florida Statutes, prohibits both passing and driving to the left of the pavement striping in no-passing zones:

> (1) The Department of Transportation and local authorities are authorized to determine those portions of any highway under their respective jurisdiction where overtaking and passing or driving to the left of the roadway would be especially hazardous and may, by appropriate signs or markings on the roadway, indicate the beginning and end of such zones, and when such signs or markings are in place and clearly visible to an ordinarily observant person, every driver of a vehicle shall obey the directions thereof.

3

(2) Where signs or markings are in place to define a <u>no-passing zone</u> as set forth in subsection (1), <u>no driver shall at any time drive on the left side of the roadway with such no-passing zone or on the left side of any pavement striping designed to mark such no-passing zone throughout its length</u>.

(3) This section does not apply when an obstruction exists making it necessary to drive to the left of the center of the highway, nor to the driver of a vehicle turning left into or from an alley, private road or driveway.

(4) A violation of this section is a noncriminal traffic infraction, punishable as a moving violation as provided in chapter 318.

§ 316.0875, Fla. Stat. (2010) (emphasis added).

We find the officer's testimony that he observed appellant's front and back driver's side tires travel over the solid double yellow lines, so that the vehicle was partially in the oncoming lane of traffic, was competent, substantial evidence that appellant violated the traffic control device of double yellow lines. Thus, there was competent, substantial evidence that appellant violated section 316.0875 by "driv[ing] . . . on the left side of any pavement striping designed to mark such no-passing zone."

We note that in a similar context, courts have found that a driver's failure to maintain a single lane as required by section 316.089, Florida Statutes, does not by itself establish probable cause for a traffic stop unless the driver's behavior placed other vehicles in danger. <u>See, e.g.</u>, <u>Hurd v. State</u>, 958 So. 2d 600 (Fla. 4th DCA 2007). Because section 316.089 prohibits leaving a lane unless it can be done "with safety," courts have reasoned that "the failure to maintain a single lane alone

4

cannot establish probable cause when the action is done safely." Hurd, 958 So. 2d at 603.*

In contrast, section 316.0875 does not permit crossing solid double yellow lines even if it can be done safely, unless one of the exceptions in subsection (3) applies. Instead, it states "no driver shall at any time drive . . . on the left side of any pavement striping designed to mark such no-passing zone." § 316.0875(2), Fla. Stat. (emphasis added). Thus, the officer's observation of appellant crossing the solid double yellow lines here constituted probable cause, regardless of the fact the officer testified that appellant did not create a safety hazard. We AFFIRM.

LEWIS, C.J., and WETHERELL, J., CONCUR.

---

* We note that, as discussed in Hurd v. State, 958 So. 2d 600 (Fla. 4th DCA 2007), erratic driving can give rise to reasonable suspicion of impairment in certain circumstances.  However, that was not an issue in this case.