[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15258
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00069-RV-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA RAY FOUNTAIN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 7, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Joshua Ray Fountain, who entered a conditional plea of guilty to possessing five grams of methamphetamine with the intent to distribute, appeals the denial of his motion to suppress. 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). Fountain argues that officers lacked reasonable suspicion or probable cause to stop his vehicle. We affirm.

We apply a mixed standard of review to the denial of a motion to suppress. We review legal rulings *de novo* and related findings of fact for clear error. *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012). We consider the evidence in the light most favorable to the prevailing party. *Id.*

Traffic stops are seizures under the Fourth Amendment. *United States v. Spoerke*, 568 F.3d 1236, 1248 (11th Cir. 2009). A traffic stop is constitutional if it is based on probable cause to believe that a traffic violation has occurred or is justified by reasonable suspicion that the person is engaged in a criminal activity. *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008). The existence of probable cause or reasonable suspicion is viewed from the standpoint of an objectively reasonable police officer. *United States v. Chanthasouxat*, 342 F.3d 1271, 1276 (11th Cir. 2003).

2

Reasonable suspicion exists when an officer has a specific and objective basis for suspecting a person of criminal activity, given the totality of the circumstances. *Lewis*, 674 F.3d at 1305. Reasonable suspicion may arise solely from a tip from a third party, so long as it bears sufficient indicia of reliability. *Alabama v. White*, 496 U.S. 325, 330 (1990). A tip has sufficient indicia of reliability when it contains a range of details, including future actions of third parties not easily predicted. *Id.* at 332. Further, a tip from a known informant is more reliable than a tip from an anonymous source and may alone be sufficient to justify an investigatory stop. *Adams v. Williams*, 407 U.S. 143, 146-47 (1972). That an informant has provided police with reliable tips in the past also increases the informant's reliability. *See United States v. Kent*, 691 F.2d 1376, 1379 (11th Cir. 1982). The reliability of the tip also is increased "if the officer observes facts corroborating even the innocent details of the tip." *United States v. Aldridge*, 719 F.2d 368, 371 (11th Cir. 1983).

The officers had reasonable suspicion to stop Fountain's vehicle based on a reliable informant's tip that Fountain was transporting methamphetamine. The informant had previously implicated persons known to traffic in drugs, assisted in two controlled purchases of drugs, and provided information that resulted in the seizure of 30 ounces of methamphetamine. *See Kent*, 691 F.2d at 1379. In addition, the informant had aided the Drug Enforcement Agency in arresting six persons

3

who possessed illegal substances. The informant described Fountain's truck, provided his license plate number, and predicted the time of his departure, his route, and his final destination. *See White*, 496 U.S. at 330, 332. The officers corroborated the details of the informant's tip by observing Fountain drive a truck that matched the informant's description, by watching Fountain meet the informant at a prearranged location, by following them along the route that the informant predicted, and by observing Fountain drive to the final location that the informant identified. *See Aldridge*, 719 F.2d at 371. Although the informant was Fountain's former girlfriend and had criminal charges pending against her, she had an incentive to provide accurate information to obtain a sentence reduction in exchange for assisting in Fountain's arrest. *See id.* Under the totality of the circumstances, the informant's tip was sufficiently reliable to provide reasonable suspicion for the officers to stop Fountain's truck. *See Lewis*, 674 F.3d at 1304.

The officers also had probable cause to stop Fountain's vehicle. The officers observed Fountain commit at least two traffic violations when he swerved rapidly and then crossed over the fog line and a solid double yellow line. *See* Fla. Stat. §§ 316.089(1), 316.089(4), 316.0875(2); *see also Lomax v. State*, 148 So. 3d 119, 121 (Fla. Dist. Ct. App. 2014) (crossing double-yellow lines is a traffic violation). Because an "officer's motive in making the traffic stop does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment," *Harris*,

4

526 F.3d at 1337 (quoting *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir.1999)), it matters not that the traffic violation was a pretext for the stop because officers saw Fountain violate at least two traffic laws.

We **AFFIRM** Fountain's conviction.